GLYNN & FINLEY, LLP
ANDREW T. MORTL, Bar No. 177876
ADAM FRIEDENBERG, Bar No. 205778
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975

Attorneys for Defendant
Verizon Wireless Telecom, Inc.
(successor by merger to and erroneously
sued as "Verizon Wireless Power Partners Inc.")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE MARIE LASKEY,<br><br>    Plaintiff,<br><br>vs.<br><br>VERIZON WIRELSS POWER PARTNERS, INC., and DOES 1 to 1000,<br><br>    Defendants. | Case No. C 08-3032 SBA<br><br>**DEFENDANT VERIZON WIRELESS TELECOM, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF LAURIE MARIE LASKEY'S COMPLAINT**<br><br>Date:        September 9, 2008<br>Time:       1:00 p.m.<br>Courtroom: 3, 3rd Floor<br>Before:     Hon. Saundra B. Armstrong<br><br>**Accompanying Document:**<br><br>1. Memo of Points and Authorities; and<br>2. [Proposed] Order |

TO PLAINTIFF LAURIE MARIE LASKEY:

PLEASE TAKE NOTICE that on September 9, 2008, at 1:00 p.m., or as soon thereafter as the matter may be heard by the above-entitled Court, located at 1301 Clay Street, 3rd Floor, Oakland, California, Defendant Verizon Wireless Telecom, Inc. (successor by merger to and erroneously sued as "Verizon Wireless Power Partners, Inc." and referred to herein as "Verizon Wireless") will bring on for hearing this motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Said motion is made on the grounds that Plaintiff has failed to allege sufficient facts to state a claim upon which relief can be granted.

1  This motion is based upon this Notice of Motion and Motion, and the Memorandum of
2  Points and Authorities and all pleadings and papers on file in this action, and upon such other
3  matters of which the Court may take judicial notice or which may be presented to the Court at the
4  time of hearing.

5  Dated: June 27, 2008

GLYNN & FINLEY, LLP
ANDREW T. MORTL
ADAM FRIEDENBERG
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596

By _____
Attorneys for Defendant
Verizon Wireless Telecom, Inc.
(successor by merger to and erroneously
sued as "Verizon Wireless Power
Partners Inc.")

Docket No. C08-3032-SBA

PROOF OF SERVICE BY MAIL

I, Gina M. Bentley, the undersigned, hereby certify and declare under penalty of perjury that the following statements are true and correct:

1. I am over the age of 18 years and am not a party to the within cause.

2. My business address is One Walnut Creek Center, 100 Pringle Avenue, Suite 500, Walnut Creek, CA 94596.

3. I am familiar with my employer's mail collection and processing practices; know that said mail is collected and deposited with the United States Postal Service on the same day it is deposited in interoffice mail; and know that postage thereon is fully prepaid.

4. Following said practice, on June 27, 2008 I served a true and correct copy of the attached document(s) entitled exactly:

   a. **DEFENDANT VERIZON WIRELESS TELECOM, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF LAURIE MARIE LASKEY'S COMPLAINT**

by placing it in an addressed, sealed envelope and depositing it in regularly maintained interoffice mail to the following:

**Laurie Marie Lasky**
**In Pro Per**
**120 Briar Hollow Drive**
**Jacksonville, NC 28540**
**Telephone: (910) 548-3345**

Executed this 27th day of June, 2008 at Walnut Creek, California.

*/s/ Gina M. Bentley*
Gina M. Bentley

- 1 -

PROOF OF SERVICE

GLYNN & FINLEY, LLP
ANDREW T. MORTL, Bar No. 177876
ADAM FRIEDENBERG, Bar No. 205778
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975

Attorneys for Defendant
Verizon Wireless Telecom, Inc.
(successor by merger to and erroneously
sued as "Verizon Wireless Power Partners Inc.")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE MARIE LASKEY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>VERIZON WIRELESS POWER PARTNERS INC., and DOES 1 to 1000,<br><br>　　　　Defendants. | Case No. C 08-3032 SBA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT VERIZON WIRELESS TELECOM, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:　　　　September 9, 2008<br>Time:　　　　1:00 p.m.<br>Courtroom:　3, 3rd Floor<br>Before:　　　Hon. Saundra B. Armstrong |

Defendant Verizon Wireless Telecom, Inc. (successor by merger to and erroneously sued herein as "Verizon Wireless Power Partners Inc." and referred to herein as "Verizon Wireless") submits this memorandum of points and authorities in support of its motion to dismiss the Complaint of Plaintiff Laurie Marie Laskey.

**I.　INTRODUCTION**

Plaintiff's complaint is a frivolous figment of a quite obviously distressed imagination. The complaint purports to state four substantive claims for relief: (1) general negligence, (2) an unspecified intentional tort, (3) premises liability, and (4) products liability. In support of these "claims" Plaintiff offers the unexplained and incoherent factual allegations that Verizon Wireless maintains a "faulty system" to which Plaintiff "was connected." As discussed below, such

1 allegations fail to plead the prima facie elements of any of the claims she seeks to allege. The
2 Complaint, moreover, indicates no legitimate amendment sufficient to state an actionable claim.
3 The Court should therefore grant this motion, and dismiss the Complaint -- with prejudice.

4 **II.    ARGUMENT**

5      **A.    The Complaint Fails To State A Claim Upon Which Relief Can Be Granted.**

6 Although the Federal Rules provide a liberal system of "notice pleading,"[1] Plaintiff is still
7 required to allege sufficient facts to "raise a right to relief above the speculative level" and "give
8 the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell*
9 *Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964, 1965 (2007) (internal quotations and citations
10 omitted). "A complaint must proffer 'enough facts to state a claim for relief that is *plausible on*
11 *its face.*'" *Grajeda v. Horel*, 2007 WL 4166040, *1, 2 (N.D. Cal. November 19, 2007) *citing*
12 *Twombly*, 127 S. Ct. at 1974 (emphasis added).

13 Further, the heightened liberality shown to *pro se* litigants does not authorize the Court to
14 rewrite the pleadings to find a valid claim where one does not lie. *See* Schwarzer, Tashima &
15 Wagstaffe, *Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial* (The Rutter Group 2007) at
16 8:24.1 *citing GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.
17 1998). Rather, even a *pro se* Plaintiff must meet a minimum pleading threshold of setting forth
18 some factual basis for the complaint. *Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir.
19 1995). Plaintiff here fails to meet even this standard, and the Complaint makes clear that she
20 cannot do so.

21      **1.    The Complaint fails to state a claim upon which relief can be granted for "General Negligence."**
22

23 " '[T]he well-known elements of any negligence cause of action [are] duty, breach of
24 duty, proximate cause and damages.' " *Berkley v. Dowds*, 152 Cal.App.4th 518, 526 (2007)
25 *quoting Artiglio v. Corning Inc.*, 18 Cal.4th 604, 164 (1998). Plaintiff does not allege the

26 ───────────────

27 [1] Federal courts sitting on diversity jurisdiction grounds apply federal procedural rules, including to a motion to dismiss under Rule 12. *See, e.g., Webb v. Smart Document Solutions, LLC*, 499
28 F.3d 1078, 1081-82 (9th Cir. 2007); *Boblos's Inc. v. Burlington Ins. Co.*, 2007 WL 2118963, *1 (E.D. Cal. 2007).

1  existence of any duty owed by Verizon Wireless to her, much less any facts to support such an
2  allegation. Instead, she claims that "[m]y phone line was attached to your system. Your system
3  is faulty." (Compl. at "CAUSE OF ACTION—General Negligence.") Although the Complaint
4  prays for a variety of damages, it alleges no facts to establish any particular loss or otherwise to
5  show any real injury. Indeed, plaintiff fails to identify any injury at all. Such allegations plainly
6  fail even to meet the liberal standard of providing "fair notice" of the claim against Verizon
7  Wireless. Dismissal is therefore required.

8      **2.  The Complaint fails to state a claim upon which relief can be granted for any "Intentional Tort."**
9

10  Plaintiff's Complaint does not identify any particular intentional tort. Although the form
11 Complaint used by Plaintiff requests that Plaintiff plead, among other things, the acts or
12 omissions by which she was damaged, Plaintiff alleges no such facts. Instead, she claims only
13 that "Verizon Wireless maintains a faulty system which I was connected to without my
14 knowledge." (Compl. at "CAUSE OF ACTION—Intentional Tort.") She again fails to make
15 any supporting factual allegations or to plead any injury. Even had Plaintiff identified the
16 particular intentional tort she alleges, such allegations nevertheless would be inadequate to
17 establish the prima facie elements of the claim. Thus this claim too must be dismissed.

18      **3.  The Complaint fails to state a claim upon which relief can be granted for "Premises Liability."**
19

20  A premises liability theory may be actionable where injury results from a landowner's
21 failure to maintain land in a reasonably safe condition. *See, e.g., Gray v. America West Airlines,*
22 *Inc.*, 209 Cal.App.3d 76, 81 (1989). Thus, to allege such a claim, Plaintiff was required to plead
23 facts showing that she was injured on land that Verizon Wireless owned and which was in a
24 dangerous or defective condition at the time of the alleged injury. *Id.* The Complaint makes no
25 such allegations.
26  Rather, Plaintiff's claim for premises liability asserts the following "facts": "Verizon
27 Wireless Power Partners Inc. equipment, services, server and or satellite. I was connected to a
28 faulty systems and it created a fault. I do not know where their equipment is located." (Compl.

1  at "CAUSE OF ACTION—Premises Liability.") She further alleges that "Verizon Wireless
2  Power Partners Inc created a premise liability issue which caused the theft of my identity on line
3  and mass tort." (*Id.*) Nowhere in these peculiar allegations is any contention that Plaintiff was
4  injured on land owned by Verizon Wireless, much less that Verizon Wireless created, permitted
5  or failed to warn of a dangerous or defective condition of such property. The complaint does not
6  set forth any basis from which to conclude that plaintiff has even entered property owned or
7  controlled by Verizon Wireless. Dismissal with prejudice is therefore required.

8      **4.   The Complaint fails to state a claim upon which relief can be granted for "Products Liability."**
9

10  Plaintiff's final claim is for strict products liability. "A manufacturer is strictly liable for
11  resulting injuries where the product fails to perform as safely as an ordinary consumer would
12  expect when used in an intended or reasonably foreseeable manner." *Aetna Cas. & Sur. Co. v.*
13  *Farmers Bros. Co.*, 65 Cal.App.4th 574, 578 (1998) citing *Barker v. Lull Engineering Co.*, 20
14  Cal.3d 413, 419-420 (1978). "To establish a prima facie case of design defect under this test for
15  a product defective in design, plaintiff must bring forth evidence of '(1) his or her use of the
16  product; (2) the circumstances surrounding the injury; and (3) the objective features of the
17  product which are relevant to an evaluation of its safety.'" *Aetna*, 65 Cal.App.4th at 578 (1998)
18  citing *Campbell v. General Motors Corp.*, 32 Cal.3d 112, 127 (1982). Finally, a plaintiff must
19  establish that the product was defectively manufactured or designed, or that the defendant "has
20  failed to adequately warn of dangers posed by the product." *Carlin v. Sup. Ct.*, 3 Cal.4th 1104,
21  1121 (1996) (citation omitted).
22  Plaintiff does not allege that she purchased or used a defective product sold or
23  manufactured by Verizon Wireless, but rather that she was a "bystander to the use of the
24  product." (Compl. at "CAUSE OF ACTION—Products Liability.") Once again, however,
25  Plaintiff pleads no facts to establish how she was allegedly injured, or even to describe the
26  alleged injury. Likewise, she fails to identify any alleged product defect, much less any facts to
27  support such an allegation, or the particular product that allegedly caused such an injury. Instead,
28  Plaintiff claims that she "was injured by the following product: equipment, wiring, servers,

1  routers, filters, computers, software, satellite, etc." (*Id.*) Such allegations are inadequate to
2  establish the prima facie elements of a products liability claim, and provide no rational basis on
3  which to conclude that Plaintiff could allege such a claim. Dismissal with prejudice is therefore
4  required.

      **B.    As Any Amendment Would Be Futile, The Court Should Dismiss The Complaint With Prejudice.**

Where "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency" leave to amend should not be granted. *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Here, the Complaint fails not because of technical pleading deficiencies, but because no legitimate facts support any claim by Plaintiff against Verizon Wireless. Nothing in the Complaint suggests that further refinement or additional facts would state a claim upon which relief can be granted. Thus, any amendment would be futile and would serve only to waste further judicial resources. The Court should therefore dismiss the Complaint with prejudice.

### III.    CONCLUSION

For all the foregoing reasons, the Court should grant this motion and dismiss Plaintiff's Complaint with prejudice.

Dated: June 27, 2008

GLYNN & FINLEY, LLP
ANDREW T. MORTL
ADAM FRIEDENBERG
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596

By _____
Attorneys for Defendant
Verizon Wireless Telecom, Inc.
(successor by merger to and erroneously sued as "Verizon Wireless Power Partners Inc.")

Docket No. C08-3032-SBA
<u>PROOF OF SERVICE BY MAIL</u>

I, Gina M. Bentley, the undersigned, hereby certify and declare under penalty of perjury that the following statements are true and correct:

1. I am over the age of 18 years and am not a party to the within cause.

2. My business address is One Walnut Creek Center, 100 Pringle Avenue, Suite 500, Walnut Creek, CA 94596.

3. I am familiar with my employer's mail collection and processing practices; know that said mail is collected and deposited with the United States Postal Service on the same day it is deposited in interoffice mail; and know that postage thereon is fully prepaid.

4. Following said practice, on June 27, 2008 I served a true and correct copy of the attached document(s) entitled exactly:

    a. **<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT VERIZON WIRELESS TELECOM, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

by placing it in an addressed, sealed envelope and depositing it in regularly maintained interoffice mail to the following:

**Laurie Marie Lasky**
**In Pro Per**
**120 Briar Hollow Drive**
**Jacksonville, NC 28540**
**Telephone: (910) 548-3345**

Executed this <u>27th</u> day of <u>June, 2008</u> at Walnut Creek, California.

_____
Gina M. Bentley

- 1 -

PROOF OF SERVICE

1  UNITED STATES DISTRICT COURT
2  NORTHERN DISTRICT OF CALIFORNIA
3
4  LAURIE MARIE LASKEY,                    )  Case No. C 08-3032 SBA
5              Plaintiff,                  )
                                           )  **[PROPOSED] ORDER GRANTING
6      vs.                                 )  DEFENDANT VERIZON WIRELESS
                                           )  TELECOM, INC.'S MOTION TO
7  VERIZON WIRELESS POWER                  )  DISMISS PLAINTIFF'S COMPLAINT**
   PARTNERS INC., and DOES 1 to 1000,      )
8                                          )
              Defendants.                  )
9                                          )
10 _____)

11         Before the Court is the motion to dismiss of Defendant Verizon Wireless Telecom, Inc.
12 (successor by merger to and erroneously sued herein as "Verizon Wireless Power Partners Inc."
13 and referred to herein as "Verizon Wireless"), filed on June 27, 2008 (the "Motion").
14         The Court has read and considered the moving papers, Plaintiff's opposition, Verizon
15 Wireless's reply and the arguments of the parties. For the reasons set forth in Verizon Wireless's
16 moving and reply papers, Plaintiff has failed to allege facts sufficient to state a claim upon which
17 relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 127 S. Ct.
18 1955, 1964, 1965 (2007) (internal quotations and citations omitted); *Grajeda v. Horel*, 2007 WL
19 4166040, *1, 2 (N.D. Cal. November 19, 2007) *citing Twombly*, 127 S. Ct. at 1974. Moreover,
20 neither the Complaint nor Plaintiff's opposition papers demonstrate any facts consistent with the
21 Complaint which could cure the deficiencies identified by Verizon Wireless. *See Schreiber*
22 *Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).
23         Accordingly, the Court hereby GRANTS the Motion and DISMISSES the Complaint
24 without leave to amend.
25 ///
26 ///
27 ///
28 ///

| | |
|---|---|
| 1 | The Clerk shall close the file. |
| 2 | IT IS SO ORDERED. |
| 3 | |
| 4 | Dated: September __, 2008 |
| 5 | _____<br>Hon. Saundra Brown Armstrong<br>United States District Judge |
| 6 | |
| 7 | [Proposed] Order submitted by: |
| 8 | GLYNN & FINLEY, LLP<br>ANDREW T. MORTL |
| 9 | ADAM FRIEDENBERG<br>One Walnut Creek Center |
| 10 | 100 Pringle Avenue, Suite 500<br>Walnut Creek, CA  94596 |
| 11 | |
| 12 | Attorneys for Defendant<br>Verizon Wireless Telecom, Inc.<br>(successor by merger to and |
| 13 | erroneously sued as "Verizon<br>Wireless Power Partners Inc.") |

Docket No. C08-3032-SBA
PROOF OF SERVICE BY MAIL

I, Gina M. Bentley, the undersigned, hereby certify and declare under penalty of perjury that the following statements are true and correct:

1. I am over the age of 18 years and am not a party to the within cause.

2. My business address is One Walnut Creek Center, 100 Pringle Avenue, Suite 500, Walnut Creek, CA 94596.

3. I am familiar with my employer's mail collection and processing practices; know that said mail is collected and deposited with the United States Postal Service on the same day it is deposited in interoffice mail; and know that postage thereon is fully prepaid.

4. Following said practice, on June 27, 2008 I served a true and correct copy of the attached document(s) entitled exactly:

a. **[PROPOSED] ORDER GRANTING DEFENDANT VERIZON WIRELESS TELECOM, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

by placing it in an addressed, sealed envelope and depositing it in regularly maintained interoffice mail to the following:

**Laurie Marie Lasky**
**In Pro Per**
**120 Briar Hollow Drive**
**Jacksonville, NC 28540**
**Telephone: (910) 548-3345**

Executed this 27th day of June, 2008 at Walnut Creek, California.

_____
Gina M. Bentley

- 1 -

PROOF OF SERVICE