UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE MARIE LASKEY,<br><br>    Plaintiff,<br><br>vs.<br><br>VERIZON WIRELESS POWER PARTNERS INC., and DOES 1 to 1000,<br><br>    Defendants. | Case No. C 08-3032 SBA<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT VERIZON WIRELESS TELECOM, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Before the Court is the motion to dismiss of Defendant Verizon Wireless Telecom, Inc. (successor by merger to and erroneously sued herein as "Verizon Wireless Power Partners Inc." and referred to herein as "Verizon Wireless"), filed on June 27, 2008 (the "Motion"). The Court has read and considered the moving papers, Plaintiff's opposition, Verizon Wireless's reply and the arguments of the parties.

**A.     The Complaint Fails To State A Claim Upon Which Relief Can Be Granted.**

Although the Federal Rules provide a liberal system of "notice pleading," Plaintiff is still required to allege sufficient facts to "raise a right to relief above the speculative level" and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964, 1965 (2007) (internal quotations and citations omitted). "A complaint must proffer 'enough facts to state a claim for relief that is *plausible on*

*its face.*'" *Grajeda v. Horel*, 2007 WL 4166040, *1, 2 (N.D. Cal. November 19, 2007) *citing Twombly*, 127 S. Ct. at 1974 (emphasis added).

Further, the heightened liberality shown to *pro se* litigants does not authorize the Court to rewrite the pleadings to find a valid claim where one does not lie. *See* Schwarzer, Tashima & Wagstaffe, *Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial* (The Rutter Group 2007) at 8:24.1 *citing GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Rather, even a *pro se* Plaintiff must meet a minimum pleading threshold of setting forth some factual basis for the complaint. *Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Plaintiff here fails to meet even this standard, and the Complaint makes clear that she cannot do so.

### 1. The Complaint fails to state a claim upon which relief can be granted for "General Negligence."

" '[T]he well-known elements of any negligence cause of action [are] duty, breach of duty, proximate cause and damages.'" *Berkley v. Dowds*, 152 Cal.App.4th 518, 526 (2007) *quoting Artiglio v. Corning Inc.*, 18 Cal.4th 604, 164 (1998). Plaintiff does not allege the existence of any duty owed by Verizon Wireless to her, much less any facts to support such an allegation. Instead, she claims that "[m]y phone line was attached to your system. Your system is faulty." (Compl. at "CAUSE OF ACTION—General Negligence.") Although the Complaint prays for a variety of damages, it alleges no facts to establish any particular loss or otherwise to show any real injury. Indeed, plaintiff fails to identify any injury at all. Such allegations plainly fail even to meet the liberal standard of providing "fair notice" of the claim against Verizon Wireless. Plaintiff's first claim for relief therefore fails to state a claim upon which relief can be granted.

### 2. The Complaint fails to state a claim upon which relief can be granted for any "Intentional Tort."

Plaintiff's Complaint does not identify any particular intentional tort. Although the form Complaint used by Plaintiff requests that Plaintiff plead, among other things, the acts or omissions by which she was damaged, Plaintiff alleges no such facts. Instead, she claims only

1  that "Verizon Wireless maintains a faulty system which I was connected to without my
2  knowledge." (Compl. at "CAUSE OF ACTION—Intentional Tort.") She again fails to make
3  any supporting factual allegations or to plead any injury. Even had Plaintiff identified the
4  particular intentional tort she alleges, such allegations nevertheless would be inadequate to
5  establish the prima facie elements of the claim. Plaintiff's second claim for relief therefore fails
6  to state a claim upon which relief can be granted.

7  **3.  The Complaint fails to state a claim upon which relief can be granted for "Premises Liability."**
8

9  A premises liability theory may be actionable where injury results from a landowner's
10 failure to maintain land in a reasonably safe condition. *See, e.g., Gray v. America West Airlines,*
11 *Inc.*, 209 Cal.App.3d 76, 81 (1989). Thus, to allege such a claim, Plaintiff was required to plead
12 facts showing that she was injured on land that Verizon Wireless owned and which was in a
13 dangerous or defective condition at the time of the alleged injury. *Id*. The Complaint makes no
14 such allegations.
15 Rather, Plaintiff's claim for premises liability asserts the following "facts": "Verizon
16 Wireless Power Partners Inc. equipment, services, server and or satellite. I was connected to a
17 faulty systems and it created a fault. I do not know where their equipment is located." (Compl.
18 at "CAUSE OF ACTION—Premises Liability.") She further alleges that "Verizon Wireless
19 Power Partners Inc created a premise liability issue which caused the theft of my identity on line
20 and mass tort." (*Id.*) Nowhere in these peculiar allegations is any contention that Plaintiff was
21 injured on land owned by Verizon Wireless, much less that Verizon Wireless created, permitted
22 or failed to warn of a dangerous or defective condition of such property. The complaint does not
23 set forth any basis from which to conclude that plaintiff has even entered property owned or
24 controlled by Verizon Wireless. Plaintiff's third claim for relief therefore fails to state a claim
25 upon which relief can be granted.
26 / / /
27 / / /
28 / / /

**4. The Complaint fails to state a claim upon which relief can be granted for "Products Liability."**

Plaintiff's final claim is for strict products liability. "A manufacturer is strictly liable for resulting injuries where the product fails to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner." *Aetna Cas. & Sur. Co. v. Farmers Bros. Co.*, 65 Cal.App.4th 574, 578 (1998) citing *Barker v. Lull Engineering Co.*, 20 Cal.3d 413, 419-420 (1978). "To establish a prima facie case of design defect under this test for a product defective in design, plaintiff must bring forth evidence of '(1) his or her use of the product; (2) the circumstances surrounding the injury; and (3) the objective features of the product which are relevant to an evaluation of its safety.'" *Aetna*, 65 Cal.App.4th at 578 (1998) citing *Campbell v. General Motors Corp.*, 32 Cal.3d 112, 127 (1982). Finally, a plaintiff must establish that the product was defectively manufactured or designed, or that the defendant "has failed to adequately warn of dangers posed by the product." *Carlin v. Sup. Ct.*, 3 Cal.4th 1104, 1121 (1996) (citation omitted).

Plaintiff does not allege that she purchased or used a defective product sold or manufactured by Verizon Wireless, but rather that she was a "bystander to the use of the product." (Compl. at "CAUSE OF ACTION—Products Liability.") Once again, however, Plaintiff pleads no facts to establish how she was allegedly injured, or even to describe the alleged injury. Likewise, she fails to identify any alleged product defect, much less any facts to support such an allegation, or the particular product that allegedly caused such an injury. Instead, Plaintiff claims that she "was injured by the following product: equipment, wiring, servers, routers, filters, computers, software, satellite, etc." (*Id.*) Such allegations are inadequate to establish the prima facie elements of a products liability claim, and provide no rational basis on which to conclude that Plaintiff could allege such a claim. Plaintiff's fourth claim for relief therefore fails to state a claim upon which relief can be granted.

**B. Any Amendment Would Be Futile.**

Where "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency" leave to amend should not be granted. *Schreiber Distributing Co.*

*v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Here, the Complaint fails not because of technical pleading deficiencies, but because no legitimate facts support any claim by Plaintiff against Verizon Wireless. Nothing in the Complaint suggests that further refinement or additional facts would state a claim upon which relief can be granted. Thus, any amendment would be futile and would serve only to waste further judicial resources.

### C. Conclusion.

For the reasons set forth above, the Court finds that Plaintiff has failed to allege facts sufficient to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp.*, 127 S. Ct. at 1964, 1965. Moreover, neither the Complaint nor Plaintiff's opposition papers demonstrate any facts consistent with the Complaint which could cure the deficiencies identified by Verizon Wireless. *See Schreiber*, 806 F.2d at 1401 (9th Cir. 1986). Accordingly, the Court hereby GRANTS the Motion and DISMISSES the Complaint without leave to amend. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: September __, 2008

_____
Hon. Saundra Brown Armstrong
United States District Judge

[Proposed] Order submitted by:

GLYNN & FINLEY, LLP
ANDREW T. MORTL
ADAM FRIEDENBERG
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA  94596

Attorneys for Defendant
Verizon Wireless Telecom, Inc.
(successor by merger to and
erroneously sued as "Verizon
Wireless Power Partners Inc.")